(74 App. Div. 305.)

### PETERS v. MORNING JOURNAL ASS'N.

(Supreme Court, Appellate Division, First Department.   July 8, 1902.)

1. LIBEL—SUFFICIENCY OF COMPLAINT.

   A complaint for libel, alleging that the libelous article, published in a German newspaper, was read by a large number of people in the city of New York and elsewhere, was not insufficient because it failed to allege that the article was 'understood by those among whom it was circulated to have the meaning claimed for it.

2. SAME.

   In an action for libel, the question as to the number of persons who could read and understand the alleged libelous article, published in German, would relate to the amount of damage, and not to the sufficiency of the facts alleged.

3. SAME—APPLICATION TO PLAINTIFF.

   Under Code Civ. Proc. § 535, providing that it is not necessary, in an action for libel, to allege any extrinsic fact to show the application of the defamatory matter to the plaintiff, where the newspaper article referred to a female named Amelia, describing her as the person whom one B. brought to his house, pretending that she was his sister, it was sufficient to allege that the article was published "of and concerning the plaintiff," and that the article, in so far as it contained any statement concerning Amelia, referred to plaintiff, as she was the only person residing with B. at the time, other than his family.

¶ 1. See Libel and Slander, vol. 32, Cent. Dig. § 210.

Appeal from special term, New York county.

Action by Emelie M. C. Peters against the Morning Journal Association. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. J. Shearn, for appellant.

Arthur E. Kaulfuss, for respondent.

INGRAHAM, J. The action is brought to recover damages for a libel. The complaint alleges that the defendant was the owner and proprietor of and published a certain daily newspaper, known as and called "Das Morgen Journal"; that the said defendant on or about the 3d day of April, 1901, maliciously published in the said newspaper known as and called "Das Morgen Journal," of and concerning the plaintiff, the following false, scandalous, libelous, and defamatory matter, namely; and then follows the article, which is alleged to have been printed in the German language, together with what is alleged to be a correct translation thereof into English; and the complaint then alleges that:

"Said article, in so far as it contained any statements concerning 'Amelia,' referred to the plaintiff in this action, as she was the only person other than the members of the Brandt family in the house of said Ferdinand M. Brandt, at No. 7 Griffith street, Jersey City Heights, in the state of New Jersey, at or about the time of the publication of said libel, and that she is the only person other than said Ferdinand M. Brandt who took up a residence with said Ferdinand M. Brandt at No. 561 East One Hundred and Forty-Fifth street, New York, after the publication of said libel, other than the children of said Brandt, and that plaintiff ever since the publication of said libel has had charge of, and still has charge of, and resides with, the children of said Ferdinand M. Brandt."

This complaint was demurred to as not stating facts sufficient to constitute a cause of action, two objections being taken. The first was that the complaint is insufficient, as it fails to allege that the article, not being published in English, was understood by those among whom it was circulated to have the meaning claimed for it. Under the system of pleading adopted in this state, upon demurrer a complaint is deemed to allege not only what is expressly stated, but what can be implied therefrom by fair intendment. An allegation that this article was read by a large number of people in the city of New York and elsewhere would seem to include an allegation that those persons who read it understood its contents. No one could infer that any one could read an article published in the German language who did not understand the language, or understand from such reading the purport of the article. The fact that in the city and state of New York a considerable proportion of the inhabitants are natives of Germany, and speak and understand the German language, is a fact of universal knowledge; and where a complaint alleges that a newspaper containing an article in the German language is widely and extensively circulated throughout the city and state of New York, and read by a large number of people in such city and state, there is a fair inference to be drawn from

that allegation that it was read by persons conversant with the German language. The question as to the number of persons who could read and understand such article would relate to the amount of damage, and not to the sufficiency of the facts alleged to constitute a cause of action.

The other objection taken to this complaint is that there is no allegation that the article was understood by the friends, and acquaintances of the plaintiff to charge the plaintiff with being guilty of misconduct therein charged. The article refers to a female named Amelia; describing her as the person that one Ferdinand M. Brandt brought to his house in October, 1900, pretending that she was his sister. The complaint alleges that that article was published "of and concerning the plaintiff," and further alleges that the article, in so far as it contained any statement concerning Amelia, referred to the plaintiff in this action, as she was the only person other than the members of Brandt's family in Brandt's house at No. 7 Griffith street, Jersey City Heights, in the state of New Jersey, at or about the time of the publication of the libel, and the only person who took up a residence with said Brandt, in the city of New York, after the publication of the said libel, other than the children of the said Brandt. We think that, under section 535 of the Code of Civil Procedure, this is a sufficient allegation to charge that the article published referred to the plaintiff, and was understood by those acquainted with her as referring to her. The allegation of the complaint that this publication was of and concerning the plaintiff, and that she was the only other person other than the members of Brandt's family who resided with him at his residence at Jersey City Heights, and who subsequently removed with him to his residence in the city of New York, was a sufficient identification of the plaintiff as the person of and concerning whom the article was published. The object of this section of the Code is to allow a plaintiff to allege that an article was published of and concerning him, without requiring the allegation of the facts from which that inference could be drawn.

We think, therefore, that this complaint is sufficient, and that the interlocutory judgment appealed from should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer upon payment of costs in this court and in the court below. All concur.