CORRIGAN v. BOBBS-MERRILL CO. et al.

(Supreme Court, Special Term, New York County. April 4, 1916.)

1. LIBEL AND SLANDER ⊙═82—LIBELOUS PUBLICATION IN WORK OF FICTION.

The fact that libelous matter is contained in a novel, which concededly relates to fictitious characters, facts, and incidents does not exempt the libeler from liability, as the party libeled, by appropriate allegations may so plead as to connect himself with the libel in which he is named by a fictitious name, not named at all, or only indirectly referred to.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 187–197; Dec. Dig. ⊙═82.]

2. PLEADING ⊙═214(1)—DEMURRER—ADMISSION.

A demurrer admits the allegations of the complaint to which it is opposed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525, 529; Dec. Dig. ⊙═214(1).]

Action by Joseph E. Corrigan against the Bobbs-Merrill Company and another. On plaintiff's motion for judgment on the pleadings. Motion granted, with leave to defendant to withdraw its demurrer and serve an answer.

Cambridge Livingston, of New York City (Joseph Larocque, of New York City, on the brief), for plaintiff.

Cornell, Lockwood & Jeffery, of New York City (John L. Lockwood, of New York City, of counsel), for defendant Bobbs-Merrill Co.

COHALAN, J. [1, 2] The plaintiff moves for judgment on his complaint and a demurrer interposed by the defendant. The action was brought to recover the sum of $200,000, as damages for an alleged libel, against the Bobbs-Merrill Company, the publisher, and one Howard, the author of a novel, entitled God's Man. The defendant publisher demurs to the complaint on the ground of its insufficiency. The preliminary objections are unavailing; the purport of the motion is obvious. The defendant asserts that God's Man is a novel, that the characters therein portrayed are fictitious, and that their words and acts may not be attributed to any real person. Hence it may not be inferred that, because the plaintiff is a magistrate of the city of New York, those parts of the publication which mention a magistrate of the city of New York must necessarily refer to him; in other words, that the publication might refer to any other magistrate of the city. The fact that the publication was contained in a novel, and that it concededly relates to fictitious characters, facts, and incidents, does not condemn the pleading. It is unquestioned that a city magistrate named "Cornigan" and one who presided at the Jefferson Market Court is referred to in the publication. It is equally a fact that the plaintiff is a city magistrate and has frequently presided in that court. The plaintiff by appropriate allegations may so plead as to connect himself with the libel in which he is named by a fictitious name, or in which he is not named at all or only indirectly referred to. Peters v. N. Y. Journal, 74 App. Div. 305, 77 N. Y. Supp. 597. The de-

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

murrer having admitted that the matters alleged in the complaint were published of and concerning the plaintiff in his office of magistrate, a mere inspection of the publication shows it to be libelous per se. The motion for judgment is granted, with leave to the defendant Bobbs-Merrill Company to withdraw its demurrer and serve an answer on payment of costs.